The State, *ex rel* Kahn, *v.* Woodward.

Filed March 19, 1890.

---

No. 14,110.

THE STATE, EX REL. KAHN, *v.* WOODWARD.

BASTARDY.—*Defendant's Inability to Pay Judgment.—Release After Year's Imprisonment.*—Section 992, R. S. 1881, contemplates a motion, or application, to be made for the release of the defendant in a bastardy proceeding, who is unable to pay or replevy the judgment, and that the court shall have proof in support of such application, and if it shall affirmatively appear that the defendant has been imprisoned in the county jail for the period of one year, and is unable to pay or replevy the judgment, the court shall make an order discharging him.

The State, *ex rel.* Kahn, *v.* Woodward.

SAME.—*Imprisonment.*—*Evidence Showing.*—Where the evidence shows such defendant to have been under the control of the sheriff continuously; that he ate within the prison part of the jail, but, owing to restricted accommodations, slept in another part of the jail from the other prisoners, and that, being trusty, he was not locked in his cell, no opportunity of escape being afforded, he is entitled to his discharge. The fact that the defendant, for a part of the time, was put to work on the streets and other public improvements outside the jail, which will be presumed to have been done under a proper order, does not affect the defendant's right of discharge.

From the Wells Circuit Court.

*J. S. Dailey, L. Mock* and *A. Simmons*, for appellant.

OLDS, J.—This was a prosecution for bastardy, and the defendant was found to be the father of the child ; and the court ordered the payment of the sum of $600 to the relatrix for the maintenance of the child, and on the failure of the defendant to pay or replevy the judgment he was committed to the jail of Wells county. After the expiration of one year the defendant made an application to be released, on the grounds that he had been imprisoned in the county jail one year, and that he was unable to pay or replevy the judgment. The relatrix appeared and objected to his discharge, on the grounds that he had not been confined in jail one year. The court heard evidence in support of the application, and ordered the release of the defendant, and from this order and judgment of the court the appellant appeals, and contends· that the court erred in sustaining the motion, or application, of the defendant for his release.

It is contended by counsel for appellant that the evidence in support of the application shows the fact to be that the defendant had not been imprisoned in the county jail for one year, but only for a few weeks, and that the remainder of the time he had his liberty, and went and came at will, associated with the family of the sheriff, and was only confined in jail, or under lock and key, as were the family, at night time, being

able to leave the house at any time at will. We are not favored with a brief on behalf of the appellee.

The statute, section 992, R. S. 1881, provides that "should the defendant fail to replevy or pay said judgment, and in default thereof be committed to jail, and upon proof thereof being made to the court that the defendant has been imprisoned in the jail of the county for a period of twelve months from the date of his imprisonment, and that he is unable to pay or replevy the same, he may be released from imprisonment by an order of the court, made at any regular term of said court, which order shall be entered," etc.

This statute contemplates a motion or application to be made for the release of the defendant, and that the court shall have proof in support of such application, and if it shall affirmatively appear that the defendant has been imprisoned in the county jail for the period of one year, and is unable to pay or replevy the judgment, the court shall make an order discharging him. If there is any evidence tending to support the finding of the court the case must be affirmed.

We have read the evidence and think counsel are in error in their construction. The evidence shows the defendant to have been under the control of the sheriff all the time, and that he always ate his meals within the prison part of the jail; that by reason of having more prisoners than that portion of the jail constructed exclusively for male prisoners would accommodate, the sheriff changed defendant's place of sleeping to the portion of the jail constructed for females, and he continued to sleep in that part of the jail. The defendant was trusty and was not locked within the cell at night, but to escape from that part of the prison in which he slept it was necessary to pass through the office, and the office was locked at night so that the defendant could not escape. The evidence further shows that from October 2d, until the following March, the defendant was constantly confined in jail; that during the remainder of the year he worked under the direction and control of the sheriff upon

the streets and other public work without compensation. There is no evidence to show whether or not the work was done under and by authority of the board of county commissioners. The law authorizes prisoners to be put at labor under such rules and regulations as the board of county commissioners shall prescribe. Nothing appearing to the contrary, the presumption is that the sheriff discharged his duty according to law, and that, therefore, he only worked the prisoners in his custody under a proper order of the board. We think the evidence supports the finding of the court that the defendant had been imprisoned in the county jail for one year. It was necessary to show imprisonment for one year. This would be shown by proof of the order, and that the sheriff took him into custody, as the presumption would be that the sheriff discharged his duty, and that the prisoner continued in custody until he was discharged, and the sheriff would be liable if he allowed the prisoner to escape. *State, ex rel.,* v. *Hamilton,* 33 Ind. 502. Possibly, if the defendant escaped and remained at large, or fraudulently procured his liberty, he would not be entitled to release under the statute. The statute needs no interpretation ; it means what its terms purport; that before he shall be entitled to his discharge it shall have been proven that he " has been imprisoned in the jail of the county for a period of twelve months from the date of his imprisonment." *Imprison* means to confine, to incarcerate, to shut up or restrain one of his liberty—see Webster and Worcester—but as the statute authorizes the working of prisoners, the sheriff is authorized under a proper order to put the prisoner at work, and while at work under the control and supervision of the sheriff the prisoner would be, in contemplation of law, in the custody of the sheriff, and when he had remained in the custody of the sheriff for the one year, he would be entitled to be discharged. The sheriff has no authority to allow prisoners committed to the county jail and placed in his custody

to run at large, and grant to them their liberty in violation of the order and judgment of the court, but the prisoner is not responsible for the sheriff's neglect of duty. When he was taken into custody by the sheriff, it was the duty of the sheriff to confine him in jail. The prisoner was in the custody of the sheriff, and the sheriff had it in his power at any time to keep him confined in jail, and the prisoner could not enter the prison without the sheriff's authority, so that the evidence in any event shows no more than a failure of the sheriff to discharge his duty, and the defendant can not be made to suffer the penalty.

There is no error in the record.

Judgment affirmed, with costs.

