**Jerry B. CAPES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee.**

No. 27S02–9405–CR–468.

Supreme Court of Indiana.

May 26, 1994.

Joe Keith Lewis, Marion, for appellant.

Linley E. Pearson, Atty. Gen., Julia Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellees.

DeBRULER, Justice.

On January 23, 1992, a jury found Appellant Jerry Bradley Capes guilty of Arson, I.C. § 35–43–1–1(a)(3) (Burns 1994). The Court of Appeals affirmed the trial court on all issues raised by Appellant. *Capes v. State* (1993), Ind.App., 615 N.E.2d 450. Appellant petitions for transfer on a single ground: whether the decision was erroneous in concluding that the trial court acted properly in denying him credit for time served in pretrial house arrest. We now grant transfer to decide that question.

After his arrest Appellant was released on his own recognizance but placed in home detention. This required him to remain at home except between 6:00 a.m. and 6:00 p.m., when he was permitted to travel to, remain at, and return from work. Due to a violation of these conditions, the trial court revoked Appellant's home detention after 309 days. Appellant was then incarcerated for 101 days while awaiting trial and sentencing. The trial court ruled that appellant was entitled to 101 days credit for time served, but Appellant claims that the court erred by failing to credit him for the 309 days he spent on home detention.

We must consider the statutory provisions governing credit time. I.C. § 35–50–6–4(a) (Burns 1994) states: "A person imprisoned for a crime or imprisoned awaiting trial or

sentencing is initially assigned to Class I." I.C. § 35–50–6–3(a) (Burns 1994) provides: "A person assigned to class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." The essential questions are whether appellant was a member of Class I and whether in-home detention constitutes "confinement" for purposes of accruing good time credit.

Ordinarily, in interpreting a statute, our goal would be to determine the intent of the legislature. *Matter of Lawrence* (1991), Ind., 579 N.E.2d 32, 38. However, we addressed the meaning of "imprison" prior to the enactment of the credit time statute and we assume that the legislature had contemplated our earlier decision. *Grave v. Kittle* (1951), 122 Ind.App. 278, 101 N.E.2d 830.

■ In *State ex rel. Kahn v. Woodward* (1889), 123 Ind. 30, 23 N.E. 968, this Court was called upon to decide if substantial control that was less than incarceration could constitute imprisonment. In that case, the defendant was convicted of the crime of Bastardy and was incarcerated after having failed to pay the required sum for support of the child. While the defendant was "committed" to the jail he was given various liberties. The defendant applied for release and the mother of his child opposed his release because she claimed that he had not satisfied the statutory requirement of being "imprisoned in the jail of the county for a period of twelve months from the date of his imprisonment" before being eligible for release. Section 992, R.S. 1881. This Court upheld the release because of the fact that the defendant was "under the control of the sheriff". *Kahn*, 123 Ind. at 32, 23 N.E. at 969. "*Imprison* means to confine, to incarcerate, to shut up or restrain one of his liberty...." *Id.* at 33, 23 N.E. at 969. The legislature remains free to use another definition in a statute, but must make it clear that a different meaning is intended. Therefore, Appellant was "imprisoned awaiting trial" and qualified for membership in Class I.

■ The meaning of "confinement" raises a different problem. It is true that when the legislature first adopted the statutory provisions relating to credit for time served, home detention was not available, and even the current statute contemplates only post-conviction home detention. I.C. §§ 35–38–2.5–1 to –11 (Burns 1994). The Court of Appeals resolved this problem by considering the underlying policies served by the availability of credit for time served, i.e. "to 'encourage inmates of penal institutions to behave well while confined, improve their morale and thus help the prison authorities to maintain order and control.'" *Capes*, 615 N.E.2d at 454 (quoting *Dunn v. Jenkins* (1978), 268 Ind. 478, 485, 377 N.E.2d 868, 873). Since the Court of Appeals decided that providing credit for time served in home detention fails to support these goals, it decided that such credit is not available. However, the pursuit of such goals is equally ill-served when credit is given for time served in a community corrections program, and the legislature specifically provides that credit. I.C. § 35–38–2.6–6 (Burns 1994). In fact, given the nearly identical requirements (work release, residing at home, monitoring) there exists no good reason for such a difference. Appellant was "confined" for purposes of calculating the accumulation of credit time.

### Conclusion

Accordingly, we now grant transfer, vacate the decision of the Court of Appeals, remand this case to the trial court for recalculation of Appellant's credit for time served, and incorporate by reference that part of the decision of the Court of Appeals concerning the admission, in arson prosecutions, of evidence of the value of the property destroyed. Ind. Appellate Rule 11(B)(3).

SHEPARD, C.J., and DICKSON and SULLIVAN, JJ., concur.

GIVAN, J., concurs in result without opinion.