**Melvin T. FRANKLIN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A05–9607–CR–295.

Court of Appeals of Indiana.

April 29, 1997.

Transfer Granted July 16, 1997.

Kurt A. Young, Nashville, for Appellant–Defendant.

Pamela Carter, Attorney General, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

SHARPNACK, Chief Judge.

Melvin T. Franklin appeals his sentence for dealing in heroin and possession of her-

oin. The sole issue raised for our review is whether the trial court erroneously awarded Franklin only six days of credit even though he had served pretrial home detention. We affirm.

The facts most favorable to the judgment follow. On May 9, 1995, Franklin was charged with dealing in heroin, 2 counts of possession of heroin, possession of cocaine, and possession of propoxyphene. On May 11, 1995, the trial court reduced Franklin's bond and imposed a pretrial release condition of home detention electronic monitoring. On May 17, 1995, a notice of violation of the home detention order was filed. After a hearing on June 7, 1995, the trial court permitted Franklin to remain on pretrial release.

On December 4, 1995, the trial court conducted a bench trial and found Franklin guilty of dealing in heroin and one count of possession of heroin. On January 26, 1996, the trial court sentenced Franklin on the dealing conviction to ten years with four years suspended and placed him on probation for two years. The trial court credited Franklin six days for the period he spent in jail awaiting trial. Franklin now appeals the sentence.

The sole issue Franklin raises for our review is whether the trial court erroneously granted Franklin only six days credit for time served prior to trial. Franklin contends that he is entitled to additional credit for the time he spent on pretrial home detention.

■ Pursuant to Ind.Code § 35–50–6–4, a person awaiting trial for a crime is initially assigned to class I for the purpose of determining credit time. Pursuant to Ind.Code § 35–50–6–3 (the "good time statute"), "[a] person assigned to class I earns one [1] day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." Franklin essentially argues that his pretrial home detention constitutes "confine[ment] awaiting trial" and that, as a result, he is entitled to good time credit for that detention. *Id.*

In support of his contention, Franklin relies exclusively on *Capes v. State,* 634 N.E.2d 1334 (Ind.1994) (*"Capes II"*). In that case, the trial court denied Capes good time credit toward his sentence for time he served on pretrial home detention. On appeal, we affirmed the trial court's denial of the good time credit. *Capes v. State,* 615 N.E.2d 450 (Ind.Ct.App.1993) (*"Capes I"*). In our opinion, we discussed our duty to determine the legislative intent behind the good time statute by examining the historical setting in which this statute was enacted. *Id.* at 453. We recognized that at the time the good time statute was enacted, the legislature had not yet authorized the use of home detention for those convicted of crimes. *Id.* Therefore, we concluded that at the time of the enactment of the good time statute, the only two sentencing options available were to confine the defendant to a correctional facility or to place the defendant on probation. *Id.* Next, we discerned that the legislative intent was clear that those defendants who were incarcerated received good time credit and that those who were on probation did not receive good time credit.[1] *Id.* at 454. We concluded that the phrase "confined awaiting trial" could refer only to being confined in a penal institution or jail at the time the legislation was promulgated because the only two sentencing options available at the time were incarceration and probation.

Next, we considered whether the legislature would have permitted home detention to qualify as confinement in a penal institution or jail if home detention had been in use at the time. *Id.* In determining whether home detention should qualify as confinement, we took note of our obligation to consider the policy underlying the statute's enactment and the goals the legislature sought to achieve. We also recognized that the supreme court had previously explained that the purpose of the good time statute is to "encourage inmates of penal institutions to behave well while confined, improve their morale and thus help the prison authorities to maintain order and control." *Id.* (quoting *Dunn v.*

---

1. Pursuant to I.C. § 35–50–6–6(a), a person does not earn good time credit while on parole or probation.

*Jenkins,* 268 Ind. 478, 377 N.E.2d 868, 873 (1978)). We stated that "[w]hile serving home detention, a person is neither an inmate of a penal institution nor a threat to order and control in any prison." *Id.* at 454. As a result, we concluded that the purpose of the statute as described by the supreme court would not be furthered by awarding good time credit for home detention. We noted if good time credit was awarded for home detention, it "would work a revision upon the statute not within the presumable goals or purposes of the legislature at the time of enactment. Such invitation to rewrite legislation is properly directed to the legislature." *Id.*

We held, therefore, that good time credit for pretrial home detention did not constitute "confinement" within the meaning of the good time statute. In support, we stated:

> "In summary, our research reveals that every court which has addressed the current credit time statute, or its predecessors, has applied the statute only when the defendant spent time in jail, and not in conjunction with any other means of restricted liberty, such as home detention.... Our holding is consistent with two recent cases which also concluded that a court need not grant credit time for time spent under home detention, although those cases were decided upon different bases. *See Smith v. State* (1993) 5th Dist. Ind.App., 610 N.E.2d 265, 269–70; *Barton v. State* (1992) 3d Dist.Ind.App., 598 N.E.2d 623."

*Id.* at 455.

The supreme court vacated our opinion and held that credit for pretrial detention should be awarded. *Capes II,* 634 N.E.2d at 1335. The supreme court rejected our reasoning that credit should not be awarded because the policy goals of good time credit did not apply to pretrial detention. The supreme court based its decision on I.C. § 35–38–2.6–6 (the "community correction statute"), which at the time provided that individuals assigned to a community corrections program and placed on home detention after conviction were eligible for credit time. *Id.* The supreme court found that "the pursuit of such goals is equally ill-served in a community corrections program, and the legislature specifically provides that credit.... In fact, given the nearly identical requirements (work release, residing at home, monitoring) there exists no good reason for such a difference." *Id.* In other words, although the supreme court acknowledged that the policy behind good time credit was not applicable to home detention, it decided that because the legislature awarded credit for post-conviction home detention where the policy did not apply, credit should be awarded for pretrial detention as well. The supreme court found no reason to treat the award of credit time for pretrial home detention differently than the award of credit time for post-conviction home detention. *Id.*

Although we recognize that generally we are bound by the decisions of the supreme court, we find strong reason for not following the *Capes II* holding in this case. *See Lincoln Utilities, Inc. v. Office of Utility Consumer Counselor,* 661 N.E.2d 562, 565 (Ind. Ct.App.1996), *reh'g denied, trans. denied* (stating that we may repudiate prior decisions of our court when strong reason exists to do so). Our conclusion that *Capes II* is not controlling here is premised on the fact that shortly after the supreme court handed down its decision, an amendment to the community corrections statute went into effect denying credit time to post-conviction home detainees. Pub.L. No. 20–994, Sec. 4 (codified as amended at I.C. § 35–38–2.6–6). Therefore, the supreme court's rationale that credit for pretrial detention should be awarded because the community corrections statute awarded credit for post-conviction detention is now without statutory foundation. Accordingly, the supreme court's decision is no longer dispositive to our analysis.

However, the supreme court's holding that pretrial detention and post-conviction detention should be treated similarly for purposes of awarding good time credit continues as authority. Pursuant to this analysis, pretrial detention would currently not qualify for good time credit because post-conviction home detention no longer earns credit. This conclusion is consistent with the supreme court's finding that the policy reasons behind awarding good time credit, specifically pro-

moting prison order and control, do not apply to home detention, regardless of whether the detention was before or after the trial. We agree that awarding credit for pretrial home detention does not promote the original purpose or policy reasons behind the good time statute.

■ We also note that the granting of good time credit is a matter of legislative grace. *Dunn,* 377 N.E.2d at 876 (stating that "[a]n inmate has no constitutional right to receive good time credit .... [t]he legislature is given wide latitude in designing and implementing a good time scheme.") As such, any rights to good time credit are to be defined by the statute. In the absence of a specific statutory provision to the contrary, we are reluctant to extend the operation of the statute further than necessary to make its spirit and purpose effective. *See generally Brown v. Poulos,* 411 N.E.2d 712, 714 (Ind.Ct.App.1980).

In sum, the language of *Capes II* suggests that the sole reason for rejecting our decision and for holding that good time credit applies to pretrial home detainees was because the community corrections statute awarded credit to post-conviction home detainees. We are no longer governed by this rationale because the community corrections statute has been amended and now prohibits credit for post-conviction home detention. Therefore, after considering the public policy concerns and the legislative intent in light of the amendment to the community corrections statute, we conclude that pretrial home detention should not qualify for good time credit. Accordingly, the trial court did not err by denying Franklin credit for his home detention.

For the foregoing reasons, we affirm the judgment of the trial court. Affirmed.

BARTEAU and BAKER, JJ., concur.