

FILED

Mar 15 2019, 9:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery Thompson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | March 15, 2019 <br><br> Court of Appeals Case No. <br> 18A-CR-1947 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Helen W. Marchal, Judge <br><br> Trial Court Cause No. <br> 49G15-1604-F6-13322 |

**Crone, Judge.**

## Case Summary

[1] Jeffery Thompson appeals the trial court's denial of his motion to credit his sentence with 240 days that he served on pretrial home detention. The State

does not oppose the motion. We conclude that the trial court erred in denying Thompson's motion and therefore reverse and remand with instructions to credit that time to Thompson's sentence.

## Facts and Procedural History

In April 2016, the State charged Thompson with one count of level 6 felony operating while intoxicated endangering another person and one count of level 6 felony operating while intoxicated with an alcohol concentration equivalent of .15 or more. On June 26, 2018, pursuant to a written plea agreement, Thompson agreed to plead guilty to the first charge. The State agreed to dismiss the second charge and all the charges that Thompson had pending in cause number 49G15-1512-F6-45853 and cause number 49G15-1701-F6-3764 ("Cause 3764"). In Cause 3764, Thompson had been ordered to serve pretrial home detention from January 31, 2017, through September 28, 2017, a total of 240 days. He completed the home detention with no violations. Thompson and the State agreed to a total sentence of 730 days and also agreed that the credit time earned in Cause 3764 would be applied to that sentence.

The trial court accepted the plea agreement and sentenced Thompson to 730 days, with ten days executed and the rest suspended to probation. The court awarded Thompson sixty days of good time credit for his pretrial home detention in Cause 3764. *See* Ind. Code § 35-50-6-3.1(f) (providing that a person placed on pretrial home detention "earns one (1) day of good time credit for every four (4) days the person serves on pretrial home detention awaiting trial."). Thompson requested additional credit for the 240 days that he actually

served on home detention. The State did not object to this request, and the trial court took it under advisement. On June 27, 2018, Thompson filed a motion to apply the 240 days against his sentence, which the trial court summarily denied. This appeal ensued.

## Discussion and Decision

[4] Thompson contends that the trial court erred in denying his motion for credit for time that he served on pretrial home detention. The State does not oppose Thompson's motion. For the reasons given below, we agree with Thompson.

[5] "To say that the case law has been murky on the issue of credit time for home detainees would be an understatement." *Barker v. State*, 994 N.E.2d 306, 313 (Ind. Ct. App. 2013), *trans. denied* (2014). Home detention may be imposed before trial, as a post-conviction placement in a community corrections program, or as part of probation. *Id*. In *Capes v. State*, 634 N.E.2d 1334, 1335 (Ind. 1994), our supreme court considered whether the defendant was entitled to credit for time served in pretrial home detention. At that time, Indiana Code Section 35-50-6-4 provided, "A person imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class I." And Indiana Code Section 35-50-6-3(a) provided, "A person assigned to Class I earns one (1) day of credit time for each day he is imprisoned for a crime or confined awaiting trial or sentencing." For the *Capes* court, "[t]he essential questions [were] whether [Capes] was a member of Class I and whether in-home detention constitu[ed] 'confinement' for purposes of accruing" credit for time served. 634

N.E.2d at 1335. The court answered both questions in the affirmative, noting that the legislature had specifically provided credit for time served to post-conviction home detainees in community corrections programs and that there was "no good reason" to treat pretrial home detainees differently. *See id*. (citing Ind. Code § 35-38-2.6-6, which stated, "A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35-50-6.").

[6] Three years later, the court was confronted with the same issue in *Franklin v. State*, 685 N.E.2d 1062 (Ind. 1997). This time, however, the court reached a different result based on the legislature's post-*Capes* amendment to Section 35-38-2.6-6, which stated, "A person who is placed in a community corrections program under this chapter is entitled to earn credit time under IC 35-50-6 *unless the person is placed in the person's home*." (Emphasis added.) The *Franklin* court concluded "that the amendment to the post-conviction home detention statute evinces legislative intent that credit time [i.e., credit for time served] can no longer be awarded to pretrial home detainees." 685 N.E.2d at 1064.

[7] Just two years later, in *Purcell v. State*, 721 N.E.2d 220 (Ind. 1999), the court determined that the "credit time" mentioned in Section 35-38-2.6-6 was actually "good time credit" (i.e., the "additional credit a prisoner receives for good behavior and educational attainment") and not credit for time served, *id*. at 222, and therefore overruled *Franklin* to the extent it held that the statute "prohibits an offender sentenced to home detention under a community corrections

program from earning credit for time served[.]" *Id*. at 224. The court went on to say,

> We recognize that this conclusion casts doubt on the continued viability of the holding in *Franklin* itself, to wit, that *pre-trial* time served on home detention does not count as credit toward a sentence subsequently imposed. Although not directly before us today, we have revisited the question and conclude that a trial court is within its discretion to deny a defendant credit toward sentence for pre-trial time served on home detention. Absent legislative direction, we believe that a defendant is only entitled to credit toward sentence for pre-trial time served in a prison, jail or other facility which imposes substantially similar restrictions upon personal liberty.

*Id*. at n.6.

[8] Many legislative changes have been made in the nearly two decades since *Purcell*. For example, the legislature has specifically defined the various types of "credit" available to imprisoned or confined persons. Enacted in 2015, Indiana Code Section 35-50-6-0.5 provides,

> The following definitions apply throughout this chapter:
>
> (1) "Accrued time" means the amount of time that a person is imprisoned or confined.
>
> (2) "Credit time" means the sum of a person's accrued time, good time credit, and educational credit.
>
> (3) "Educational credit" means a reduction in a person's term of imprisonment or confinement awarded for participation in an educational, vocational, rehabilitative, or other program.

(4) "Good time credit" means a reduction in a person's term of imprisonment or confinement awarded for the person's good behavior while imprisoned or confined.

[9] The legislature has also revamped the statutes governing credit time classes. Persons convicted before July 1, 2014, were assigned to one of four classes: I, II, III, or IV. Ind. Code § 35-50-6-3. Persons convicted after June 30, 2014, have been assigned to one of four new classes: A, B, C, or D. Ind. Code § 35-50-6-3.1. And, effective July 1, 2016, persons "placed on home detention awaiting trial," such as Thompson, have been assigned to Class P. Ind. Code § 35-50-6-4(i). "This subsection does not apply to any other person placed on home detention[,]" and "[a] person assigned to Class P may not be reassigned to another credit time class while the person is on pretrial home detention awaiting trial." *Id.*

[10] In addition, the legislature has amended Section 35-38-2.6-6, which now provides,

> (a) As used in this subsection, "home" means the actual living area of the temporary or permanent residence of a person.
>
> (b) A person confined on home detention in a community corrections program receives one (1) day of accrued time for each day the person is confined on home detention, plus any earned good time credit.
>
> (c) In addition to accrued time under subsection (b), a person who is placed in a community corrections program under this chapter is entitled to earn good time credit under IC 35-50-6-3

and IC 35-50-6-3.1.  A person confined on home detention as part of a community corrections program may not earn educational credit under IC 35-50-6-3.3.

(d) A person who is placed in a community corrections program under this chapter may be deprived of earned good time credit as provided under rules adopted by the department of correction under IC 4-22-2.

Thus, the statute allows post-conviction home detainees in community corrections programs to earn both accrued time (calculated at a day for a day) and good time credit.

[11] And finally, Section 35-50-6-3.1 now provides,

(a) This section applies to a person who commits an offense after June 30, 2014.

(b) A person assigned to Class A earns one (1) day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing.

(c) A person assigned to Class B earns one (1) day of good time credit for every three (3) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

(d) A person assigned to Class C earns one (1) day of good time credit for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing.

(e) A person assigned to Class D earns no good time credit.

(f) A person assigned to Class P earns one (1) day of good time credit for every four (4) days the person serves on pretrial home detention awaiting trial.

[12] Thompson correctly observes that, "[d]espite the statute's silence, every other credit time classification listed in [Section 35-50-6-3.1] earns accrued time in addition to good time credit." Appellant's Br. at 7 (citing *Abney v. State*, 79 N.E.3d 942, 955 (Ind. Ct. App. 2017) (defendant assigned to Class B received 295 days of accrued time for 295 days of confinement in jail awaiting trial and sentencing)). He argues that "[i]t was unnecessary for the legislature to specifically state that a person in Class P receives accrued time because like those in the other credit time classes, it is implied." *Id*. at 8. He also argues that "[i]f the legislature intended to treat those on pretrial home detention and those incarcerated awaiting trial differently for purposes of accrued time, it would have so specified." *Id*. We agree on both counts. *See Abney v. State*, 811 N.E.2d 415, 419 (Ind. Ct. App. 2004) ("It is just as important to recognize what the statute does not say as it is to recognize what it does say."), *adopted by* 821 N.E.2d 375 (Ind. 2005).

[13] Thompson further observes that he "was unable to find any situation in the Indiana Code where a defendant can earn 'good time credit' without also earning accrued time." *Id*. at 8. We were also unable to find any such situation, which leads us to conclude that the legislature could not have intended such an absurd result. *See Study v. State*, 24 N.E.3d 947, 956 (Ind. 2015) (courts will not presume that legislature intended statutory language to bring about an absurd result), *cert. denied*. Finally, we point out that there is no indication that the legislature intended to treat pretrial and post-conviction home detainees differently under the current statutory scheme.

Based on the numerous substantive legislative changes regarding credit time that have been enacted since *Purcell*, we conclude that *Purcell* is no longer good law with respect to accrued time for pretrial home detention. *See Horn v. Hendrickson*, 824 N.E.2d 690, 694 (Ind. Ct. App. 2005) (noting that supreme court precedent is binding on this Court "until it is changed either by that court or by legislative enactment.") (quoting *Dragon v. State*, 774 N.E.2d 103, 107 (Ind. Ct. App. 2002), *trans. vacated*). We hold that a person placed on pretrial home detention earns accrued time (calculated at a day for a day) pursuant to the unmistakable implications of Section 35-50-6-3.1 and that the trial court has no discretion to deny it. *See Maciaszek v. State*, 75 N.E.3d 1089, 1092 (Ind. Ct. App. 2017) ("Good time credit under [Section 35-50-6-3] is a 'matter of statutory right, not a matter of judicial discretion.'") (quoting *Weaver v. State*, 725 N.E.2d 945, 948 (Ind. Ct. App. 2000)), *trans. denied*; *see also Purdue v. State*, 51 N.E.3d 432, 436 (Ind. Ct. App. 2016) ("Credit time statutes, as remedial legislation, should be liberally construed in favor of those benefitted by the statute."). Therefore, we reverse the trial court's denial of Thompson's motion and remand with instructions to apply the 240 days of accrued time to his sentence.

Reversed and remanded.

Vaidik, C.J., and Mathias, J., concur.