## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2020, 10:25 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kay A. Beehler
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Thomas J. Flynn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randall Earl Myers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 31, 2020

Court of Appeals Case No.
19A-CR-1736

Appeal from the Vermillion Circuit Court

The Honorable Jill D. Wesch, Judge

Trial Court Cause No.
83C01-1812-F6-191

**Bailey, Judge.**

# Case Summary

[1] Randall Earl Myers ("Myers") challenges as inadequate the credit time applied to his four-year sentence for Attempted Battery, as a Level 6 felony.[1] He presents the sole issue of whether he was denied credit time earned during a month of pre-sentence incarceration in the county jail and a five week placement in Truman House. We remand for further proceedings relative to credit time.

# Facts and Procedural History

[2] On December 4, 2018, Myers "swung at Officer Brian Sum [of the Clinton Police Department] in a rude, insolent, or angry manner with a closed fist." (Tr. Vol. II, pg. 9.) He was charged with Attempted Battery, Disorderly Conduct, and Public Intoxication.

[3] On March 5, 2019, Myers pled guilty to Attempted Battery and admitted his status as a habitual offender. Myers was at that time a pretrial detainee in the Vermillion County Jail, but he had been accepted into The Truman House, a twelve-step/behavior modification program. The trial court observed that Myers had been incarcerated from December 2, 2018 to March 5, 2019 and was entitled to seventy-nine "actual days" of credit time. *Id.* at 6. The trial court ordered Myers to remain in the Truman House program pending a status

---

[1] Ind. Code §§ 35-42-2-1, 35-41-5-1.

hearing and admonished him that his leaving the program would result in immediate incarceration.

[4] On June 6, 2019, Myers appeared for a sentencing hearing. He advised the trial court that he had resided at Truman House for approximately five weeks, he left because he could not pass a drug screen, he was discharged from the program, and he had been incarcerated in jail for approximately one month. The trial court imposed upon Myers a two-year sentence of imprisonment, enhanced by two years due to his status as a habitual offender. Myers was credited with eighty days accrued time and eighty days good time credit. He now appeals.

# Discussion and Decision

[5] Myers claims that he was erroneously denied credit time for the days he spent at Truman House and in jail prior to his sentencing.

[6] "Accrued time" is the amount of time that a person is imprisoned or confined. I.C. § 35-50-6-0.5(1). "Credit time" is the sum of a person's accrued time, good time credit, and educational credit. *Id.* at (2). Indiana Code Section 35-50-6-4 provides that a person who is not a credit-restricted felon and is imprisoned awaiting trial for a Level 6 felony is initially assigned to a Class A credit time assignment. Indiana Code Section 35-50-6-3.1(b) provides that a person assigned to Class A "earns one day of good time credit for each day the person is imprisoned for a crime or confined awaiting trial or sentencing." Because

credit time is a matter of statutory right, when a trial court finds that a person has a statutory entitlement, the court has no discretion in awarding it. *Hickman v. State*, 81 N.E.3d 1083, 1085 (Ind. Ct. App. 2017).

[7] One is "imprisoned" when he is confined in a penal facility, but "confinement" is without a statutory definition for credit time purposes. *Id.* at 1086. Substantial control that is less than incarceration can constitute confinement in the sense of imprisonment. *Id.* (citing *Capes v. State*, 634 N.E.2d 1334, 1335 (Ind. 1994)). Not every halfway house is a penal facility. *Id.* Factors for consideration include: (1) whether the placement was requested by the person as a condition of probation or was otherwise voluntary; (2) the degree of freedom of movement enjoyed by the person; (3) the degree of direct supervision over the placement exercised by the Department of Correction, a court, or another state actor; and (4) the degree of autonomy and privacy enjoyed by the person in conducting his everyday life. *Id.*

[8] When Myers appeared for sentencing, counsel asked him "how long have you been incarcerated – do you remember when you started" and Myers replied that he had been incarcerated "approximately a month," beginning May 17th and he clarified that he had been "incarcerated previously under this cause." (Tr. Vol. II, pg. 19.) Additionally, Myers estimated that he had stayed at Truman House for five weeks. Truman House was willing to accept Myers back into its program; he testified that he "would remain in jail until a bed came up." *Id.* at 26.

[9]     The State presented argument assuming that Myers was entitled to seventy-nine days accrued time and seventy-nine days good time credit, that which had been calculated at the March 5, 2019 hearing:

> I show that he owes in this case a total of 1,302 days and because that is enhanced by an habitual offender enhancement what he is sentenced to, if he's sentenced to the 1,302, he would have 651 actual days to serve, which would be served in the DOC because it would be more than 366 actual.[2]

*Id.* at 27.  Despite Myers's uncontroverted claim that he had been incarcerated a second time, his entitlement to credit time accrued after the March 5, 2019 hearing was not addressed.  Nor was a determination made as to whether Myers had been confined, within the statutory credit time context, at Truman House.  In the Abstract of Judgment, the trial court simply awarded Myers eighty days accrued time and eighty days good time credit.  Because it appears from the record before us that Myers is entitled to additional credit time, we remand for further proceedings.

---

[2] 365 days x 4 = 1,460.  1,460 less 79 days accrued time is 1,381.  1,381 less 79 days good time credit is 1,302, the amount attributed to Myers by the State.

# Conclusion

[10] We remand for a determination of credit time due Myers, if any, based upon his second incarceration awaiting trial in this cause and his placement in Truman House.

[11] Remanded.

Kirsch, J., and Mathias, J., concur.