**Christopher TUBBS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 79A05–0802–CR–70.**

Court of Appeals of Indiana.

June 19, 2008.

---

Jason W. Bennett, Lafayette, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Matthew Whitmire, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

GARRARD, Senior Judge.

Christopher Tubbs appeals the sentence imposed after his guilty plea was accepted. His primary argument is that the sentence violated his plea agreement by imposing punitive requirements not authorized by the agreement.

We reverse and remand.[1]

Tubbs was charged with attempted robbery resulting in bodily injury, a Class B felony, and possession of marijuana, a Class A misdemeanor. The latter charge was from another case which was combined with the principal case for disposition.

The court sentenced Tubbs to the Department of Correction for a period of fifteen years on the attempted robbery count and one year on the marijuana count, with the sentences to be served concurrently. "Nine (9) years of said sentence shall be executed at the Indiana Department of Correction followed by three (3) years at Tippecanoe County Community Corrections at a level to be determined by Community Corrections. Three (3) years shall be suspended and the defendant placed on unsupervised probation for three (3) years." Appellant's Br. at 17.

---

1. Because of our disposition of this case, we need not address Tubbs' argument that his sentence is inappropriate.

■ Tubbs argues that the three years at Community Correction imposes a substantial obligation of a punitive nature not authorized by his plea agreement.

Our supreme court addressed this question in *Freije v. State,* 709 N.E.2d 323 (Ind.1999). The case concerned a plea agreement that called for a suspended sentence to be served on probation. The provisions dealing with sentencing were, in their entirety:

3. The Defendant shall receive sentence of 2190 days at the Indiana Department of Correction with 2188 suspended and credit for 1 day actually served and the balance of the time to be suspended.

4. The Defendant shall be placed on probation for a period of 2188 days of which the first 365 days must be monitored by the Hendricks County Superior Courts Probation department. Thereafter, the Defendant may petition the Court to request a transfer of the probation to another county.

*Id.* at 324.

The court accepted the plea agreement and imposed a sentence of 2188 days of probation, but also included home detention for two years and 650 hours of community service work as conditions of that probation. Freije objected to these additional conditions as a material variance from the plea agreement.

The court noted the well established law that if a court accepts a plea agreement worked out by the parties it is bound by the agreement's terms. *Id.* The court held that unless the plea agreement affords the court discretion in fixing the terms of probation, the court may not impose upon a defendant conditions that "materially add to the punitive obligation." *Id.* at 325. Home detention and community service were determined to be material punitive obligations.[2] *Id.* at 325–26.

Citing *Chism v. State,* 807 N.E.2d 798 (Ind.Ct.App.2004) and *Antcliff v. State,* 688 N.E.2d 166 (Ind.Ct.App.1997), the State argues that the plea agreement in Tubbs' case afforded the trial court the necessary discretion to impose community corrections as a condition of probation.

■ Initially, we note that neither *Chism* nor *Antcliff* addressed the use of community corrections as a term of probation. The community corrections program presents a hybrid between conditions of probation for a suspended sentence and executed sentence punishments. *See* Ind. Code § 35–38–2.6–1 *et seq.; Shaffer v. State,* 755 N.E.2d 1193 (Ind.Ct.App.2001) (Vaidik, J., concurring in result with a separate opinion); *Gardner v. State,* 678 N.E.2d 398 (Ind.Ct.App.1997). Clearly, however, community corrections is available to a court as a term of probation when imposing a suspended sentence. *See Shaffer,* 755 N.E.2d at 1193.[3]

The *Chism* court, while deciding the case before it on unrelated grounds, noted in its footnote 2 that "aside from the executed sentence cap, the plea agreement expressly left the matter of sentencing entirely to the trial court's discretion. Presumably, this included the discretion to set any legally permissible terms of probation, including home detention, as allowed by *Freije.*"[4] 807 N.E.2d at 800.

2. The court said that imposing "standard" administrative or ministerial conditions was appropriate regardless of the language of the plea agreement. *Freije,* 709 N.E.2d at 325.

3. We find Judge Vaidik's concurrence considering both aspects informative and an accurate assessment.

4. The footnote in Chism expressly stated that no argument had been raised contending that

In *Antcliff,* the plea agreement fixed a maximum cap of six years executed and continued that, "terms of probation, including restitution under the counts for which a guilty plea is accepted, will be left to the Court's discretion." *Antcliff,* 688 N.E.2d at 168. The court imposed both home detention and community service as terms of probation, and this was approved. *Id.* at 170.

*Freije* cited *Antcliff* as an example of a plea agreement which specifically provided that the trial court had discretion to establish the conditions of probation. *Freije,* 709 N.E.2d at 325. The court continued,

> If the State and a defendant include such a term in their plea agreement, both parties take their chances and the court is within the express terms of the plea agreement in imposing some, all, or none of the lawful conditions. Under such an agreement, the trial court is permitted to place a defendant on home detention, require community service work, or impose any other lawful condition. However, in the absence of this plea term the trial court's discretion is limited.

*Id.*

In Tubbs' case, the entire plea agreement was contained in four paragraphs. Paragraph 2 states:

> That the court may impose whatever sentences it deems appropriate except said sentences shall be served concurrently with each other and the executed portion, if any, shall not exceed nine years. Both sides may argue sentencing.

In addition, Paragraph 4 states:

> That, as a condition for any suspended sentence or probation, the defendant

home detention exceeded the bounds of the

shall testify truthfully if called upon to do so.

Appellant's App. at 35.

I.C. 35–50–2–5 provides that a Class B felony may carry a sentence between six and twenty years. Clearly, paragraph 2 of the plea agreement grants the court discretion in selecting the total number of years to be imposed in the sentence. It is much less clear that paragraph 2 was intended to grant the court discretion in fixing terms of probation as called for by the court in *Freije.*

Moreover, paragraph 4 of the agreement specifically addresses the terms for probation, or suspended sentence, and states only an obligation for the defendant to testify truthfully if called upon to do so.

█ We recognize that the rules of contract interpretation do not strictly apply to plea agreements. *Lee v. State,* 816 N.E.2d 35, 38 (Ind.2004). They may, nevertheless, be helpful. *Id.*

In Tubbs' case, the specific paragraph addressing the only imposed condition for probation or suspended sentence is at odds with any implied broad grant of discretion concerning the terms of probation in paragraph 2's assertion that the court might impose whatever sentences it deemed appropriate. As such, we believe the specific controls the general. *See Turner v. Bd. of Aviation Comm'rs,* 743 N.E.2d 1153, 1167 (Ind.Ct.App.2001).

We conclude that Tubbs' plea agreement did not afford the trial court broad discretion in fixing the terms of probation. Therefore, the imposition of the three years in community corrections after the nine year executed sentence constitutes an additional substantial obligation of a punitive nature not authorized by the plea agreement.

plea agreement. *Chism,* 807 N.E.2d at 800.

We therefore reverse the sentence and remand to the trial court for imposition of a sentence in accord with the terms of the plea agreement.

Reversed and remanded.

BAKER, C.J., and BARNES, J., concur.