APPELLANT PRO SE
Dexter Berry
Pendleton, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 49S04-1406-CR-416

DEXTER BERRY,

*Appellant (Defendant),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff).*

Appeal from the Marion Superior Court, No. 49F25-1203-FB-14944
The Honorable Carol J. Orbison, Senior Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A04-1301-CR-34

**June 27, 2014**

**Rush, Justice.**

In the absence of a plea agreement, trial courts have broad discretion to set conditions of probation, including "substantial punitive obligations" such as restrictive placements in work release. But when a trial court accepts a plea agreement with an executed time cap, its discretion to impose further punitive conditions of probation does not extend beyond what the plea agreement specifies. As we interpret Defendant's plea agreement, it conferred discretion to determine the placement of his executed sentence, but not for any further restrictive placement as a condition of probation. Defendant's one-year term in work release as a condition of probation, following the maximum executed term allowed under the agreement, thus exceeded the court's authority. We

therefore grant transfer and remand with instructions to accept or reject the plea agreement as written, and if accepted, to resentence Defendant consistent with its terms. In all other respects, we summarily affirm the Court of Appeals. Ind. Appellate Rule 58(A)(2).

### Facts and Procedural History

Defendant was charged with C-felony burglary and D-felony theft, and later pleaded guilty to B-felony burglary and several lesser offenses as part of a combined plea agreement for this and three other cases. So far as relevant here, paragraph 5 of the plea agreement provided:

5.  . . . [T]he State of Indiana and the Defendant agrees [*sic*] that the Court shall impose the following sentence:

Total combined sentence:

Set term of 10 years initial executed sentence, open to placement. The Court may impose an additional period of time beyond these 10 years and require the Defendant to serve a portion or all of that suspended time on probation.

\* \* \*

Stay away from [the home where Defendant committed the B-felony burglary]. . . . *All other aspects of the Defendant's sentence to be left to the discretion of the Court*, after argument by the parties, *including but not limited to, where the Defendant will serve any executed portion of his sentence.* Should the Defendant violate the terms and conditions of his probation, the Court may order any or all of the suspended time to be executed.

(Emphases added).[1] Thus, the agreement expressly confers discretion to determine the placement for the executed sentence, but it has no express provision for setting a restrictive placement for any additional suspended time.

At the guilty-plea hearing, the court questioned Defendant extensively about his understanding of the terms of the agreement, including a discussion with Defendant and both attorneys to clarify the intent of the agreement's sentencing provisions as to both the duration and the placement of the executed sentence:

---

[1]   The only copy of the plea agreement Defendant has provided on appeal is an unauthenticated copy included in his Appellant's Brief, instead of his Appendix as the Appellate Rules require. But the provided copy is consistent with the Transcript, and the State does not challenge its authenticity, so we accept it as accurate.

2

THE COURT: . . . Set term of ten years initial executed sentence. Open to placement. Do you not . . . if I understand this correctly I can give him a lot more. But everything above that ten years would have to be suspended, is that right?

[DEFENSE COUNSEL]: Yes, ma'am. That's the way we discussed it.

THE COURT: Okay. Mr. Berry, tell me what's your understanding of this. What . . . kind of sentence can I give you?

DEFENDANT: From what my attorney explained to me, what you just said. Outside of ten . . . the fixed term of ten, it can be suspended time probation[.]

THE COURT: Do I have to give you ten years executed?

DEFENDANT: This says, yes. Yes, ma'am. Ten years, open placement. It says the Department of Corrections (inaudible).

* * *

THE COURT: There you're still confusing me. Initial executed sentence. Does that mean it is ten years executed?

[THE STATE]: Yes.

[DEFENSE COUNSEL]: That's my understanding as well, Judge. But I do agree you can give him substantially more time suspended and basically have that suspended time hanging over his head during a probationary period.

THE COURT: Is that your understanding, Mr. Berry?

DEFENDANT: Yes, ma'am[.]

THE COURT: Okay. Now what does that mean, open to placement?

DEFENDANT: He explained Department of Corrections or Community . . . Community Transitions, work release, house arrest, different things that he said.

THE COURT: Okay. Who . . . who makes that decision?

DEFENDANT: Based on the plea, it's the judge.

THE COURT: That's right. Now, do I have to place you on probation?

DEFENDANT: No.

THE COURT: But I can if I want to, can't I?

DEFENDANT: Yes, ma'am.

THE COURT: Okay. And it's up to me to determine how long that suspended amount of time will be, is that correct?

DEFENDANT: Yes, ma'am.

THE COURT: Okay. And if I give you any suspended time I will be placing you on probation for some of that time or all of that time, is that your understanding?

DEFENDANT: Yes, ma'am.

Tr. 9–11. Despite the extensive discussion of the court's authority to decide the placement of Defendant's executed sentence, there was no comparable discussion about any authority for the court to order any restrictive placement for time served on probation. At the conclusion of the hearing, the court accepted the plea agreement and scheduled a sentencing hearing. Tr. 20–21.

Similarly, the parties' arguments at sentencing focused only on the trial court's placement discretion for the executed sentence. In particular, the defense "recognize[d] . . . that [Defendant's] history could justify this entire ten years in" the Department of Corrections ("D.O.C."), but requested "a split sentence of six years D.O.C., four years on a term of Community Corrections." Tr. 30. And though the State sought "a ten year sentence in D.O.C. followed by a period of time on probation," it only requested "that additional *time* [to help enforce] the restitution," without advocating any further restrictive *placement* for the probation time. Tr. 32 (emphasis added).

The trial court then sentenced Defendant to a total of fifteen years for the B-felony burglary,[2] with ten executed in prison and five suspended, with two of the suspended years served on probation—but further "order[ed] the first year of your probationary period be spent through work release to get yourself back into the attitude that a fulltime job is important and necessary." Tr. 34. The Court of Appeals affirmed by memorandum decision, Berry v. State, No. 49A04-1301-CR-34 (Ind. Ct. App. Oct. 4, 2013), and Defendant sought transfer.

**Standard of Review**

"As a general proposition trial courts have broad discretion in setting conditions of probation, subject to appellate review only for an abuse of discretion." Freije v. State, 709 N.E.2d 323, 324 (Ind. 1999). But "[i]f the court accepts a plea agreement, it shall be bound by its terms," thus limiting the court's otherwise-broad discretion in ordering conditions of probation. Id. (quoting Ind. Code § 35-35-3-3(e) (1998)) (substitution original to Freije). In turn, a plea agreement's terms "are in the nature of contracts entered into between the defendant and the State." Lee v. State, 816 N.E.2d 35, 38 (Ind.

---

2  For the other offenses, the court imposed shorter terms concurrent with the B-felony sentence.

2004). Because of the important due process rights involved, contract-law principles "are not necessarily determinative," but they "can provide guidance in the consideration of the agreement." Id.

**Restrictive Placements as a Condition of Probation**

This case requires us to apply principles we first announced in Freije. There, the defendant pleaded guilty pursuant to a plea agreement, which addressed sentencing in two paragraphs:

3. The Defendant shall receive sentence [*sic*] of 2190 days at the Indiana Department of Correction with 2188 days suspended and credit for 1 day actually served and the balance of the time to be suspended.

4. The Defendant shall be placed on probation for a period of 2188 days of which the first 365 days must be monitored by the Hendricks County Superior Courts Probation department. Thereafter, the Defendant may petition the Court to request a transfer of the probation to another county.

Freije, 709 N.E.2d at 324. Nothing in those paragraphs, nor elsewhere in the plea agreement, stated that the trial court retained any discretion to set conditions of probation. See id. Nevertheless, the trial court at sentencing ordered the defendant to serve two years of home detention and perform 650 hours of community service "as conditions of that probation." Id.

On transfer, we held that even though trial courts ordinarily "have broad discretion in setting conditions of probation," accepting a plea agreement "imposes limits on [that] discretion" because "'[i]f the court accepts a plea agreement, it shall be bound by its terms.'" Id. (quoting I.C. § 35-35-3-3(e)) (substitution original to Freije). Relying on an earlier decision involving restitution as a condition of probation, we reiterated that any "condition of probation which imposes a substantial obligation of a punitive nature is indeed part of the sentence and penalty and must be specified in the plea agreement." Id. (quoting Disney v. State, 441 N.E.2d 489, 494 (Ind. Ct. App. 1982)) (internal quotation marks omitted). Freije held that home detention and community service were "substantial obligations of a punitive nature" and thus "may not be imposed in the absence of a plea agreement provision giving the trial court discretion to impose conditions of probation." Id. at 325–26.

The issue here, then, is whether the terms of this particular plea agreement confer sufficient discretion to impose punitive conditions of probation—specifically, a restrictive placement—in excess of the executed-time cap. In construing the plea agreement, we are guided (though not strictly bound) by contract interpretation principles, Lee, 816 N.E.2d at 38, and therefore begin with its plain

5

language and read its provisions as a harmonious whole if possible. Citimortgage, Inc. v. Barabas, 975 N.E.2d 805, 813 (Ind. 2012), reh'g denied. In this context, we harmonize three related provisions of the contract: that the ten-year initial executed sentence was "open to placement," that the court could impose additional suspended time to be served on probation, and that "[a]ll other aspects of the Defendant's sentence [were] to be left to the discretion of the Court, . . . including but not limited to, where the Defendant will serve any executed portion of his sentence."

On that point, two Court of Appeals cases, one before and one after Freije, are helpful in determining whether Defendant's plea agreement extends the necessary discretion. First, in Antcliff v. State, a plea agreement set a six-year cap on executed time and specifically stated that "*terms of probation*, including restitution . . . , will be left to the Court's discretion." 688 N.E.2d 166, 168 (Ind. Ct. App. 1997) (emphasis added). The Court held that provision was sufficient to authorize home detention as a condition of probation, even beyond the full executed term of six years the agreement permitted. Id. at 169–70. (Indeed, Freije specifically distinguished the agreement in Antcliff as having extended discretion to set punitive conditions of probation. Freije, 709 N.E.2d at 325.)

By contrast, the agreement in Tubbs v. State provided in one paragraph that "the court may impose whatever sentences it deems appropriate except said sentences shall be served concurrently with each other and the executed portion, if any, shall not exceed nine years." 888 N.E.2d 814, 817 (Ind. Ct. App. 2008). Then a subsequent paragraph stated that "as a condition for any suspended sentence or probation, the defendant shall testify truthfully if called upon to do so." Id. The Court of Appeals held that "the specific paragraph addressing the only imposed condition for probation or suspended sentence is at odds with any implied broad grant of discretion concerning the terms of probation" in the earlier paragraph, and so the more specific provision was controlling. Id. The Court of Appeals therefore held that imposing community corrections beyond the agreement's nine-year maximum executed term violated the plea agreement. Id.

We see this plea agreement as comparable to Tubbs, with a specific provision that at least ambiguously controls over a more general one. This agreement stated that "[a]ll . . . aspects of the Defendant's sentence" except the mandatory ten-year executed term and restitution were "left to the discretion of the Court, after argument by the parties, including but not limited to[] where the Defendant will serve any *executed* portion of his sentence" (emphasis added). The first part of that sentence is akin to the general paragraph in Tubbs, purportedly leaving "all aspects" of the sentence "to the

6

discretion of the Court." Standing alone, that provision might be enough to authorize a punitive, restrictive placement for Defendant's probation—though it certainly is not as clear as Antcliff's unambiguous provision that "terms of probation . . . will be left to the Court's discretion," 688 N.E.2d at 168. (Better still would be to specify the court's discretion to set *punitive* terms of probation," to place the issue beyond all doubt. An ounce of drafting is worth a pound of appeal.).

But the final clause of the same sentence goes on to restrict the court's discretion as "including[,] but not limited to, where the Defendant will serve any executed portion of his sentence." That provision specifically grants discretion to determine the placement of Defendant's *executed* sentence, but it is silent as to any such discretion to impose any restrictive placement for *probation*—when Freije requires that any authority to set punitive conditions of probation "must be *specified* in the plea agreement," 709 N.E.2d at 324 (emphasis added) (quoting Disney, 441 N.E.2d at 494). Thus, specifically granting discretion over the placement of Defendant's ten-year *executed* sentence strongly implies a lack of comparable authority to set a similar restrictive placement during any subsequent probation time.[3] See Tubbs, 888 N.E.2d at 817 (specific provision authorizing one condition of probation limited a more-general provision granting sentencing discretion).

Our conclusion is also consistent with the trial court's excellent plain-English colloquy with Defendant and counsel about the parties' understanding of the plea agreement. The court recognized that the sentencing provisions of this agreement were "confusing," and asked the parties to explain what they intended. In response, the Defendant explained his recognition that the court had authority to determine the placement for his executed sentence, but expressed no recognition of similar authority for any probation time. Defense counsel's explanation was similar, as was the deputy prosecutor's. And at no time during that discussion did the court suggest that it understood its placement discretion to extend to Defendant's probation time. With no clear grant of such authority in the agreement itself, no indication that any of the parties understood the plea agreement to confer such discretion, and a specific provision that implies the absence of discretion over the placement of Defendant's probation, we must conclude that the trial court lacked authority to impose a punitive placement for Defendant's probation.

---

[3] Our conclusion does not disregard the agreement's "including but not limited to" provision. While specifying discretion over the executed-sentence placement does indeed imply a lack of discretion over a probationary placement, the provision preserves the trial court's discretion as to punitive, *non-placement* conditions of probation, such as community service or road crew.

To remedy that breach of the plea agreement, Defendant urges us to instruct the trial court on remand to make the one-year work release placement part of his ten-year executed sentence. But that position begs the question of whether the trial court would have accepted the plea agreement in the first place, had it realized that it would lack authority to impose a restrictive placement on Defendant's probation time. Nor do we have any indication of whether the court would have considered it more important to impose all ten years of the executed sentence in prison, or to provide the one year in work release "to get [Defendant] back into the attitude that a fulltime job is important and necessary." Tr. 34. Such "sentencing decisions rest within the sound discretion of the trial court," subject only to our authority to "review and revise" sentences under Article VII, Sections 4 and 6 of the Indiana Constitution and implemented through Indiana Appellate Rule 7(B). Anglemyer v. State, 868 N.E.2d 482, 490–91 (Ind. 2007). We must therefore give the trial court the first opportunity to exercise its discretion as to both approving or rejecting the plea agreement and determining an appropriate sentence under its provisions. Therefore, as in Freije, the appropriate remedy is simply to "remand[] to the trial court with instructions to accept or reject the plea agreement as written," 709 N.E.2d at 326—and then, if it accepts the agreement, to impose "a sentence in accord with the terms of the plea agreement," Tubbs, 888 N.E.2d at 818.

**Conclusion**

When a plea agreement sets a fixed or capped executed sentence, the court retains discretion to impose punitive conditions of probation only to the extent the agreement specifically says so. Under these circumstances, the generic recital that "[a]ll other aspects of the Defendant's sentence [were] to be left to the discretion of the Court" might have been sufficient—though certainly less than ideal—to confer that discretion. But because the agreement's additional terms implicitly limit the court's placement discretion to the executed portion of the sentence, it does not "specifically" confer similar discretion over probation as Freije requires. We therefore grant transfer; reverse and remand with instructions to accept or reject the plea agreement as written and, if accepted, resentence Defendant consistent with its terms; and otherwise summarily affirm the Court of Appeals.

Dickson, C.J., and David and Massa, JJ., concur.
Rucker, J. concurs in result.