**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Dec 08 2014, 9:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARLOS I. CARRILLO**
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CLAY MICHAEL HOWARD, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 79A02-1403-CR-202 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Randy Williams, Judge
Cause No. 79D01-0105-CF-51

**December 8, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Clay Howard appeals the trial court's denial of his motion to withdraw a guilty plea. He also appeals the sentence imposed by the trial court, arguing that the trial court erred by failing to consider his mental illness as a mitigator, by considering the sentencing recommendations of the victim's parents as an aggravator, by imposing a sentence that is inappropriate in light of the nature of the offenses and his character, and by imposing one year of home detention following the executed portion of the term. The State concedes, and we agree, that it was erroneous to impose one year of home detention in excess of the executed portion of the term because it contravened the terms of the plea agreement reached between Howard and the State. We find no other error. Therefore, we affirm in part, reverse in part, and remand for revision of Howard's sentence consistent with this decision.

## FACTS

Howard has been diagnosed with schizophrenia, psychotic disorder, and polysubstance abuse dependence. He has received mental health treatment for years and has been prescribed multiple psychotropic medications to manage his mental illness.

On April 3, 2001, Howard broke into a residence with the intent to commit theft inside. On April 25, 2001, Howard fired a shotgun at a passing vehicle. Howard later admitted that he intended to kill David Lee Daughterty, Jr., who was inside the vehicle, because he had refused to pay Howard fifty dollars that he owed pursuant to a prior drug transaction.

On May 4, 2001, the State charged Howard with class A felony attempted murder, and on September 5, 2002, the State added a charge of class B felony burglary. On May 18, 2001, the State served a discovery notice, indicating that statements had been given to police by three witnesses. The notice included the witnesses' names and addresses. On September 4, 2002, the prosecutor received the recordings of the witnesses' statements.

On September 5, 2002, Howard pleaded guilty but mentally ill to both charges. In exchange for his guilty plea, the State agreed to dismiss all charges in four other pending cases and agreed not to file a probation violation in two other cases. The guilty plea agreement provided that sentencing would be left to the trial court's discretion except that the executed portion of the sentence was not to exceed thirty-two years. The agreement also allowed the victims to make sentencing recommendations.

On January 9, 2003, Howard moved to withdraw his guilty plea because he had not yet seen the transcripts of the statements provided by the three witnesses. Howard's attorney testified at the hearing on the motion that she had given police reports, which contained the substance of the statements, to Howard on multiple occasions before he pleaded guilty. No transcripts had been prepared initially because Howard pleaded guilty the day after the prosecutor's office received the statements. The trial court denied the motion to withdraw the guilty plea.

A sentencing hearing took place on February 28, 2003. At the hearing, evidence was presented regarding Howard's mental illness, including a psychologist's report that concluded that the attempted murder was not the product of mental illness. The trial

3

court imposed a forty-year sentence for attempted murder and a fifteen-year sentence for burglary, to be served concurrently. The trial court suspended eight years to probation, with the first year of probation to be served on house arrest. Howard now appeals.[1]

DISCUSSION AND DECISION

I. Withdrawal of Guilty Plea

Howard first argues that the trial court erroneously denied his request to withdraw his guilty plea. A ruling on a motion to withdraw a guilty plea is within the discretion of the trial court, and arrives in this court with a presumption in favor of the ruling. Jeffries v. State, 966 N.E.2d 773, 777 (Ind. Ct. App. 2012). Generally, after a defendant pleads guilty but before a sentence is imposed, a defendant may move to withdraw the plea. Ind. Code § 35-35-1-4(b). The trial court must permit a defendant to withdraw the guilty plea if it is necessary to correct a manifest injustice, and may permit the withdrawal of the plea for any fair and just reason. Id.

Howard argues that the fact that he did not have the transcripts of the witnesses' statements to police at the time he pleaded guilty obligated the trial court to permit him to withdraw his guilty plea. We cannot agree. At the time Howard pleaded guilty, he was aware of the existence of the statements, and had been for over a year. He had also been aware, for over a year, of the names and addresses of the witnesses. He had read the police reports, which contained the substance, albeit not transcribed word-for-word, of

---

[1] Howard was given permission by the trial court to file a belated appeal. It appears that he may not have been apprised of all of his appellate rights at the sentencing hearing.

4

what the witnesses reported to police. Yet he decided to plead guilty anyway, the day after the prosecutor's office received the statements, meaning that there had been no time to transcribe those statements. Howard has made no assertion herein that anything in the transcripts, which he has since read, is exculpatory or would somehow have altered his decision to plead guilty. Under these circumstances, we find that the trial court did not err by denying the motion to withdraw the guilty plea.

## II. Sentence

### A. Mental Illness as a Mitigator

Howard next turns to the sentence imposed by the trial court, contending that the trial court erred by declining to consider his mental illness to be a mitigating factor. The finding of mitigating circumstances is within the trial court's discretion. Abel v. State, 773 N.E.2d 276, 280 (Ind. 2002).

There are four factors that bear on the weight to be given to mental illness at sentencing: (1) the extent of the defendant's ability to control his behavior due to the disorder; (2) the overall limitations on functioning; (3) the duration of the mental illness; and (4) the nexus between the disorder and the commission of the crime. Bryant v. State, 984 N.E.2d 240, 252 (Ind. Ct. App. 2013), trans. denied.

In this case, a psychologist who evaluated Howard concluded that Howard's actions in this case "were not the product of a mental disorder that rendered him unable to distinguish right from wrong." Appellant's App. p. 83. Furthermore, the psychologist noted that the clinical interviews and psychological testing of Howard "are also

5

suggestive of an exaggeration or feigning of psychiatric symptoms." Id. The trial court clearly acknowledged Howard's mental illness, as it was referred to repeatedly by the trial court during the sentencing hearing. But given the evidence of a lack of nexus between Howard's mental illness and the commission of the crimes herein, we do not find that the trial court abused its discretion by declining to consider Howard's mental illness to be a mitigator.

### B. Victims' Parents Sentencing Recommendations

The parents of the victims of Howard's attempted murder and burglary convictions provided statements at the time of sentencing, and at least one set of parents recommended an aggravated sentence. The trial court considered the fact that the "victim recommends aggravation of the sentence" as an aggravating factor. Appellant's App. p. 29. Howard argues that this was an improper aggravator. As with mitigating circumstances, the finding of aggravating factors is within the trial court's discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218 (Ind. 2007).

Initially, we note that the plea agreement provided that the victims would be permitted to testify regarding their sentencing recommendations. Furthermore, Indiana Code section 35-35-3-5 gives victims the right to speak at sentencing hearings. Although "victim" is not defined within that statute, the portion of the Indiana Code relating to Presentence Investigation Reports defines "victim" as "a person who has suffered harm as a result of a crime." Ind. Code § 35-31.5-2-348(a).

6

Howard argues that the parents of the victims are not actual victims within the purview of the plea agreement or the Indiana Code. We cannot agree. Parents of crime victims certainly suffer harm as a result of the crime. Indeed, all too frequently, the families of crime victims suffer right alongside the one who was directly harmed. Therefore, we find that this aggravator was supported by the record and that the trial court did not abuse its discretion in this regard.

## C. Appropriateness

Howard next contends that the thirty-two-year sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) provides that this Court may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence . . . ." Knapp v. State, 9 N.E.2d 1274, 1292 (Ind. 2014) (quoting Chambers v. State, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted). Our Supreme Court has cautioned that "[a] defendant's conscious choice to enter a plea agreement that limits the trial court's discretion to a sentence less than the statutory maximum should usually be understood as strong and persuasive evidence of sentence reasonableness and appropriateness," and that following such an agreement, we should grant relief "only in the most rare, exceptional cases." Childress v. State, 848 N.E.2d 1073, 1081 (Ind. 2006) (Dickson, J., concurring).

Here, Howard pleaded guilty to a class A felony and a class B felony. A class A felony is eligible for a sentence between twenty and fifty years, with an advisory term of thirty years. Ind. Code § 35-50-2-4. A class B felony is eligible for a sentence of six to twenty years, with an advisory sentence of ten years. I.C. § 35-50-2-5. The maximum term faced by Howard absent a plea agreement, therefore, would have been seventy years. The plea agreement capped the executed portion of Howard's term at thirty-two years, less than half of the maximum he would have otherwise faced. This is strong and persuasive evidence of the reasonableness and appropriateness of the sentence imposed by the trial court.

As to the nature of the offenses, Howard burglarized someone's residence. He also shot a shotgun at a moving vehicle, intending to kill someone inside that vehicle. The reason he took that drastic, would-be fatal action was because of fifty dollars owed to him from a prior drug deal. We do not find that the nature of the offenses renders the sentence inappropriate.

As to Howard's character, we note that he was eighteen at the time he committed the instant offenses. Even at such a young age, he had been adjudicated a delinquent on four separate occasions. He was waived to adult court in 2000 and continued to commit offenses such as theft, auto theft, and burglary. He was admittedly involved in drug dealing. At the time he pleaded guilty to the instant offenses, there were four other open criminal cases and two potential probation violations pending against him. Even when his young age and mental illness are taken into consideration, we do not find that

8

Howard's character renders the sentence imposed by the trial court inappropriate. Therefore, this argument is unavailing.

### D. Home Detention

Finally, the trial court imposed an aggregate forty-year sentence, with thirty-two years to be executed and eight years to be suspended to probation. The trial court ordered the first year of the suspended term to be served on home detention. The parties' plea agreement capped the executed portion of the sentence at thirty-two years.

As the State concedes, our Supreme Court recently held that a one-year term in work release as a condition of probation, following the maximum executed term allowed under a plea agreement, exceeded the court's authority once it accepted the parties' agreement. Berry v. State, 10 N.E.3d 1243, 1244 (Ind. 2014). Given the ruling in Berry, we are compelled to reverse the sentence to the extent of the one-year home detention portion and remand for resentencing. In all other respects, we affirm the judgment of the trial court.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to resentence Howard consistent with Berry v. State.

ROBB, J., concurs, and KIRSCH, J., concurs in result.

9