## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 11 2015, 7:32 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Dexter Berry | Gregory F. Zoeller |
| Pendleton, Indiana | Attorney General of Indiana |
| | |
| | Justin F. Roebel |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dexter Berry,<br>*Appellant-Defendant*,<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff*. | August 11, 2015<br><br>Court of Appeals Case No. 49A02-1410-CR-746<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Clark Rogers, Judge<br><br>Cause No. 49F25-1203-FB-14944 |

**Brown, Judge.**

[1] Dexter Berry, *pro se*, appeals his sentence following remand. Berry raises three issues which we consolidate and restate as whether the trial court erred or abused its discretion in resentencing Berry on remand. We affirm.

## Facts and Procedural History

[2] The facts were set forth in part in the Indiana Supreme Court's opinion in *Berry v. State*, 10 N.E.3d 1243 (Ind. 2014), and this court's memorandum decision in *Berry v. State*, No. 49A04-1301-CR-34 (Ind. Ct. App. October 4, 2013), *trans. granted*, *summarily aff'd in part*, 10 N.E.3d 1243 (Ind. 2014). In March 2012, Berry broke and entered into the dwelling of Luz and Sergio Arcos. *Berry*, No. 49A04-1301-CR-34, slip op. at 1. Berry was charged with burglary as a class C felony and theft as a class D felony and later pled guilty to burglary as a class B felony and several lesser offenses as part of a combined plea agreement in connection with several cases. *Berry*, 10 N.E.3d at 1244. The plea agreement provided in part:

> . . . [T]he State of Indiana and the Defendant agrees [sic] that the Court shall impose the following sentence:
>
> *Total combined sentence*:
>
> Set term of 10 years initial executed sentence, open to placement. The Court may impose an additional period of time beyond these 10 years and require the Defendant to serve a portion or all of that suspended time on probation.
>
> \* \* \* \* \*
>
> Stay away from [the home where Defendant committed the B-felony burglary]. . . . *All other aspects of the Defendant's sentence to be left to the discretion of the Court, after argument by the parties, including but not limited to, where the Defendant will serve any executed portion of his sentence.* Should the Defendant violate the terms and conditions of his

probation, the Court may order any or all of the suspended time to be executed.

*Id.* at 1244-1245. Thus, the agreement expressly conferred discretion to determine the placement for the executed sentence, but contained no express provision for setting a restrictive placement for any additional suspended time. *Id.* at 1245. Additionally, the plea agreement specified that Berry pay restitution to three of his victims under other causes, which amounts when added together equaled $3,000, but did not specify that restitution was to be made to Luz and Sergio. *Berry*, No. 49A04-1301-CR-34, slip op. at 1.

[3] The parties' arguments at sentencing focused on the trial court's discretion for the placement of the executed sentence. *Berry*, 10 N.E.3d at 1246. Also at sentencing, the deputy prosecutor requested that the trial court order Berry to pay restitution in the amount of $1,370 to Luz and Sergio, and after a discussion Berry's counsel advised the court that Berry "is just indicating to me that he doesn't wish to dispute any of that amount," that "[t]hose amounts on them, so that [is] a non-issue," and that counsel would "withdraw any issue with any of that." *Berry*, No. 49A04-1301-CR-34, slip op. at 3. The trial court requested clarification and stated "[s]o we're okay on restitution that's been claimed so far," and Berry's counsel responded, "[y]es, ma'am." *Id.* The trial court sentenced Berry to fifteen years for his conviction for burglary as a class B felony, with ten years executed in prison and five years suspended. *Berry*, 10 N.E.3d at 1246. The court also ordered that two of the suspended years be served on probation and that "the first year of your probationary period be

spent through work release to get yourself back into the attitude that a fulltime job is important and necessary." *Id.* The court also ordered Berry to pay restitution to Luz and Sergio in the amount of $1,370 for a total restitution order of $4,370.

[4] Berry appealed and argued that the court's order that he serve one year of his probation on work release violated the terms of his plea agreement and that the order he pay restitution to Luz and Sergio amounted to an increase in his penalty outside the terms of his plea agreement. By memorandum decision, this court found that Berry did not establish error on these bases, and Berry sought transfer.

[5] In setting forth the standard of review, the Indiana Supreme Court observed that, "[a]s a general proposition trial courts have broad discretion in setting conditions of probation, subject to appellate review only for an abuse of discretion." *Id.* (citing *Freije v. State*, 709 N.E.2d 323, 324 (Ind. 1999)). The Court further noted that, if the court accepts a plea agreement, it shall be bound by its terms, thus limiting the court's otherwise broad discretion in ordering conditions of probation. *Id.* The Court also stated that a plea agreement's terms are in the nature of contracts entered into between the defendant and the State and that, because of the important due process rights involved, contract law principles are not necessarily determinative but can provide guidance in the consideration of the agreement. *Id.* (citing *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004)).

[6] In addressing restrictive placements as a condition of probation, the Court stated that, in *Freije*, it had reiterated that any "condition of probation which imposes a substantial obligation of a punitive nature is indeed part of the sentence and penalty and must be specified in the plea agreement." *Id.* at 1247 (citing *Freije*, 709 N.E.2d at 324). The Court further noted that *Freije* held that home detention and community service were substantial obligations of a punitive nature and thus may not be imposed in the absence of a plea agreement provision giving the trial court discretion to impose conditions of probation. *Id.* (citing *Freije*, 709 N.E.2d at 325-326).

[7] The Court then observed that a provision of Berry's plea agreement "restrict[ed] the court's discretion as 'including[,] but not limited to, where the Defendant will serve any executed portion of his sentence'" and noted that the provision "specifically grant[ed] discretion to determine the placement of Defendant's *executed* sentence" but was "silent as to any such discretion to impose any restrictive placement for *probation*—when *Freije* requires that any authority to set punitive conditions of probation 'must be *specified* in the plea agreement,' 709 N.E.2d at 324 (emphasis added) . . . ." *Id.* at 1248. The Court also noted that, at no time during the trial court's discussion with Berry and defense counsel, did the court suggest that it understood its placement discretion to extend to Berry's probation time. *Id.* at 1248-1249. The Court held that, "[w]ith no clear grant of such authority in the agreement itself, no indication that any of the parties understood the plea agreement to confer such discretion, and a specific provision that implies the absence of discretion over the

placement of [Berry's] probation," the Court "must conclude that the trial court lacked authority to impose a punitive placement for [Berry's] probation." *Id.* at 1249. The Court then stated: "We therefore grant transfer; reverse and remand with instructions to accept or reject the plea agreement as written and, if accepted, resentence [Berry] consistent with its terms; and otherwise summarily affirm the Court of Appeals." *Id.*

[8] On remand, the trial court held a hearing on September 22, 2014, and indicated that it was still accepting Berry's guilty plea pursuant to the plea agreement and that it would resentence Berry without the requirement that he be placed on work release for a year during his probation. The court resentenced Berry to fifteen years, with ten years executed and five years suspended. The court also ordered that he be placed on probation for two years, but it did not include any order or requirement that Berry be placed on work release during his probationary period. The court referenced the previous restitution order and again ordered Berry to pay total restitution of $4,370.

## *Discussion*

[9] The issue is whether the trial court erred or abused its discretion in resentencing Berry on remand. We initially observe that Berry is proceeding *pro se*. Such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. We review a trial court's sentencing determination for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is "clearly against the logic and effect

of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* If the court accepts a plea agreement, it shall be bound by its terms, thus limiting the court's otherwise broad discretion. Ind. Code § 35-35-3-3(e); *Berry*, 10 N.E.3d at 1246. A plea agreement's terms are in the nature of contracts entered into between the defendant and the State and, because of the important due process rights involved, contract law principles are not necessarily determinative but can provide guidance in the consideration of the agreement. *Berry*, 10 N.E.3d at 1246 (citing *Lee*, 816 N.E.2d at 38).

[10] Berry asserts that, "[o]nce the prior plea-acceptance was reversed it vacated all prior sentences" and that the trial court disregarded the mandate of the Indiana Supreme Court and instead conducted a sentence modification hearing. Appellant's Brief at 7. He also asserts the court erred in ordering restitution in the total amount of $4,370 rather than $3,000.

[11] The State maintains that the Indiana Supreme Court's opinion did not vacate Berry's guilty pleas, that the Court found that Berry's sentence violated his plea agreement because the trial court imposed a year of work release in addition to the agreed upon executed sentence and remanded with instructions for the trial court to determine if it still wished to accept the plea agreement, and that the trial court fulfilled this mandate by entering a new sentencing order which removed the work release requirement but did not otherwise alter Berry's sentence. It also argues Berry has already challenged the propriety of restitution to Luz and Sergio of $1,370 in his first appeal, that this court found that he had

acquiesced to the additional amount during sentencing, and that the Indiana Supreme Court summarily affirmed that portion of this court's decision.

[12] With respect to whether the Indiana Supreme Court required that each of Berry's sentences be vacated, the Court's opinion addressed the specific issue of whether the terms of Berry's plea agreement permitted the trial court to impose punitive conditions, specifically a restrictive placement during probation, in excess of the executed-time cap. *Berry*, 10 N.E.3d at 1247. The Court concluded that the trial court lacked authority to impose such a restrictive placement during Berry's probation. *Id.* at 1249. The Court then reversed and remanded "with instructions to accept or reject the plea agreement as written and, if accepted, resentence Defendant consistent with its terms . . . ." *Id.* On remand, the trial court at the September 22, 2014 hearing stated "first of all I'll accept the plea," that it could "either accept or reject it, but I'll accept it," and that it would then "resentence him without the restrictions on probation." Transcript at 3. The court noted that the restriction "was you had to do a year of work release on probation and [the Indiana Supreme Court] said can't do that," and Berry replied "I agree with that, Judge." *Id.* Consistent with the opinion of the Indiana Supreme Court and its instructions on remand, the trial court accepted Berry's plea pursuant to the plea agreement and resentenced him without the requirement that he be placed on work release during his probation. In resentencing Berry, the court did not impose a punitive condition or restrictive placement for Berry's probation in excess of the executed-time cap and thus sentenced him in accordance with the plea agreement. Berry's

arguments that the Indiana Supreme Court's opinion required the trial court on remand to vacate his sentences or that the trial court disregarded the mandate of the Indiana Supreme Court are not persuasive. Further, to the extent Berry argues the trial court failed to issue new sentencing orders in other cases covered by the plea agreement, we note that Berry appeals the court's resentencing order under this cause only, that he does not argue the sentences imposed in the other cases were improper under the plea agreement, and that the Indiana Supreme Court's opinion did not reverse the sentences issued in the other cases. 10 N.E.3d 1243.

[13] As to his argument that the trial court erred in ordering him to pay restitution in the total amount of $4,370, this court's previous memorandum decision addressed this issue and affirmed the court's restitution order. *See Berry*, No. 49A04-1301-CR-34, slip op. at 3. Specifically, this court found that the deputy prosecutor requested restitution of $1,370 to Luz and Sergio, that there was a discussion related to which items had been recovered and their condition, and that Berry did not dispute the amount and acquiesced to the deputy prosecutor's request for restitution. *Id.* We concluded that Berry did not establish reversible error with respect to the court's restitution order. *Id.* As noted above, the Indiana Supreme Court's opinion did not address any issue or argument related to the trial court's order of restitution and summarily affirmed this court's opinion on all issues except for the issue of placement on probation. Thus, the Court did not disturb this court's previous decision as to the restitution order.

Based upon the record, we conclude that the trial court did not err or abuse its discretion in resentencing Berry following remand.

## *Conclusion*

For the foregoing reasons, we affirm Berry's sentence.

Affirmed.

Crone, J., and Pyle, J., concur.