

FILED

May 06 2020, 8:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tiffany Holsapple, *Appellant-Defendant,* | May 6, 2020 |
| | Court of Appeals Case No. 19A-CR-2069 |
| v. | Appeal from the Madison Circuit Court |
| State of Indiana, *Appellee-Plaintiff,* | The Honorable Mark Dudley, Judge |
| | Trial Court Cause Nos. 48C06-1705-F6-1135 48C06-1706-F2-1530 |

**Robb, Judge.**

# Case Summary and Issue

[1] Tiffany Holsapple pleaded guilty in two cases and was sentenced to sixteen years in the Indiana Department of Correction ("DOC"). The sentence was stayed pending her participation in a problem solving court program. After she was terminated from the program for violating the terms and conditions of the participation agreement, the trial court lifted the stay and ordered Holsapple to serve the sixteen-year-sentence. Holsapple appeals, raising one issue for our review that we restate as whether the trial court was required by the plea agreement to lift the stay and impose her previously agreed sentence. Concluding the trial court had discretion to determine an appropriate sanction, we affirm in part, reverse in part, and remand.

# Facts and Procedural History

[2] Holsapple was charged with one count of failure to return to lawful detention, a Level 6 felony, and one month later was charged in a separate cause with dealing in methamphetamine, a Level 2 felony. Holsapple and the State entered into a plea agreement pursuant to which Holsapple pleaded guilty as charged in both cases and the State recommended a sentence of sixteen years to be executed at the DOC. The parties further agreed that the sentence would be stayed to give Holsapple an opportunity to participate in Drug Court.

> If [Holsapple] graduates from Drug Court, then her sentence
> shall be stayed permanently.

> If [Holsapple] is terminated from Drug Court, then the stay on her sentence shall be lifted, and her sentence, sixteen (16) years to be executed at Indiana Department of Correction, shall be imposed.

Appendix of Appellant, Volume II at 80-81. The trial court accepted the plea agreement in October 2017 and sentenced Holsapple according to its terms, imposing a sentence of two years in the Madison County Jail for failure to return to lawful detention to be served concurrently with sixteen years in the DOC for dealing in methamphetamine. The trial court issued sentencing orders stating the sentences were stayed pending Holsapple's participation in Drug Court. *See id.* at 47 (sentencing order for failure to return conviction); 70 (sentencing order for dealing in methamphetamine conviction); *see also id*. at 48, 71 (abstracts of judgment prepared on date of sentencing hearing showing sentences stayed). The trial court specifically advised Holsapple at the sentencing hearing that "[i]f you are unable to complete the Madison County Drug Court program and you [are] terminated, you come back here and the stay is lifted and you go to the Department of Corrections [sic]. Alright?" Transcript, Volume I at 7. Holsapple indicated her understanding by responding, "Yes, Your Honor." *Id.*

[3] In April 2018, Holsapple was transferred from Drug Court to Mental Health Court upon problem solving court staff recommending that she "appears to be a better fit for Mental Health Court instead of Drug Court" and the problem solving court judge signing off on the recommendation. App. of Appellant, Vol. II at 112. At the time of the transfer, Holsapple was meeting the Drug

Court program requirements and was directed to report to Mental Health Court on May 1, 2018. *See id.* at 9, 21.

[4] Until May of 2019, Holsapple "never missed a screen [and] never had a sanction" in either Drug Court or Mental Health Court. Tr., Vol. I at 22. However, in May of 2019, Holsapple failed to appear for Mental Health Court, failed to appear for a required drug test, and failed to appear for a Mental Health Court sanctions hearing. A warrant was issued for her arrest on May 23, 2019. On June 26, 2019, Holsapple's case manager filed a Notice of Termination Request with the trial court, alleging that Holsapple had failed to comply with the participation agreement by missing multiple treatment sessions, failing to appear for a required drug test, failing to appear for a sanctions hearing, absconding from the Mental Health Court, and owing outstanding fees of $80.00. The same day, the problem solving court found that Holsapple "has absconded from Mental Health Court for longer than 30 days and has, therefore, failed to satisfy [her] obligations to the [] Mental Health Court program. The Court finds that [Holsapple] has voluntarily withdrawn from participation in Mental Health Court and is, hereby, administratively terminated from [] Mental Health Court." App. of Appellant, Vol. II at 12; *see also id.* at 24. The Mental Health Court referred Holsapple's case back to the trial court for further proceedings.

[5] Holsapple was arrested on the warrant in July 2019. At a hearing on the notice of termination, Holsapple denied she had missed any treatment sessions but admitted the remainder of the allegations. She said that she felt "overwhelmed

and . . . discouraged" and had relapsed into drug use. Tr., Vol. I at 16. She told the court she had been diagnosed with bipolar disorder, manic depression, borderline personality disorder, and post-traumatic stress disorder for at least the past ten years. She admitted addiction would always be a problem for her. *Id.* at 33. And she asked that she be sent back to Drug Court, "anything but DOC." *Id.* at 17.

[6] The trial court found that Holsapple violated the conditions of Mental Health Court as admitted and was no longer eligible to participate in problem solving court.[1] "[A]s a result of that termination, that triggers your plea agreement and the Court sentence that followed your plea agreement." *Id.* at 34. Concluding it had "no discretion whatsoever[,]" *id.* at 30, the trial court imposed what was agreed in the plea agreement, lifting the stay in both causes and ordering Holsapple to serve her sixteen-year sentence at the DOC. The trial court also recommended placement in purposeful incarceration. Holsapple now appeals.

# Discussion and Decision

[7] A problem solving court is "a court providing a process for immediate and highly structured judicial intervention for eligible individuals[.]" Ind. Code §

---

[1] At the hearing, there was some discussion about the plea agreement specifically referencing termination from *Drug Court* when Holsapple was in fact terminated from *Mental Health Court*. The trial court concluded that it was clear from the plea agreement that purpose was to "get Ms. Holsapple some intensive treatment," that considering the phrase "Drug Court" as the "linchpin" of the plea agreement would "undercut everyone's understanding of what was going on" in trying to get her the best possible treatment, and that the fact she was terminated from Mental Health Court did not alter the constraints the plea agreement put on his sentencing discretion. Tr., Vol. I at 29-30. Holsapple does not raise this discrepancy as an issue on appeal.

33-23-16-8. Among other considerations, a person is eligible to participate in a problem solving court program if:

> the individual is referred to the problem solving court as a result of at least one (1) of the following:
>
>> (A) A condition of a pretrial diversion program authorized by statute or authorized by the judge of the problem solving court and the prosecuting attorney.
>> (B) The procedure described in section 14 of this chapter.
>> * * *
>> (D) A condition of probation.

Ind. Code § 33-23-16-13(3).[2]  A pretrial diversion program allows the prosecuting attorney to withhold formal prosecution under certain circumstances to afford the defendant an opportunity to successfully complete an alternative course of action.  *See* Ind. Code § 33-39-1-8; *Schenke v. State*, 136 N.E.3d 255, 258 (Ind. Ct. App. 2019).  Section 14 describes a situation where the State and the defendant reach a plea agreement, the defendant pleads guilty, and the court, without entering a judgment of conviction, defers the criminal proceedings while the defendant participates in a problem solving court program.  Ind. Code § 33-23-16-14(a).  If the person successfully completes the problem solving court program, the charges are dismissed, Ind. Code § 33-23-16-14(c), but if the person's participation in the program is terminated, a

---

[2] There are eleven other circumstances which would make a person eligible for participation in a problem solving court.  *See* Ind. Code § 33-23-16-13(3)(C), (E)-(N).  None of those circumstances appear to be applicable here.

judgment of conviction is entered, and the person is sentenced, Ind. Code § 33-23-16-14(b).  Neither of those situations describes how Holsapple came to participate in Drug, and later, Mental Health Court.  She was prosecuted, so she was not participating as a result of a pretrial diversion program.  And the trial court entered a judgment of conviction on her plea of guilty and successful completion of the problem solving court program meant only that her sentence would be permanently stayed not that her charges would be dismissed, so she was not participating as a result of a section 14 deferral.  Therefore, although it was never explicitly stated, she must have been referred to problem solving court as a condition of probation.[3]  Essentially, Holsapple's entire sentence was suspended to probation and the condition of her probation was that she successfully complete a problem solving court program.  Then there was an

---

[3] The Agreement for Entry Into Madison County Drug Court which Holsapple signed at the time of her sentencing includes the following provision, marked as the "means of Participant's entry into the Drug Court program":

> *For Participants entering via a stayed sentence upon a conviction[.]*  The Participant shall enter the Madison County Drug Court.  (S)he will be given the opportunity to successfully complete and graduate from Drug Court.  Should that occur, the underlying case shall be re-calendared in the referring court for modification of the sentence as agreed or as deemed appropriate by the referring court in the absence of an agreement.  If the Participant is removed from Drug Court for any reason or fails to graduate, the matter shall return to the referring court where the stay shall be lifted and the sentence or sanction shall be immediately executed as originally imposed.

App. of Appellant, Vol. II at 108.  The statutory authority for such means of entry into the problem solving courts is unclear and given our resolution of the issue herein, is potentially problematic given that this provision also appears to impose "strict liability" on participation.

additional set of conditions that controlled her participation in the problem solving court program.

[8] When Holsapple was terminated from the problem solving court program, she violated the condition of her probation. The trial court determined she was no longer eligible to participate in a problem solving court, essentially determining her probation should be revoked, and lifted the stay of her sentence, ordering her to serve the entire term as a sanction. Thus, we review this action as any probation revocation. Probation revocation is a two-step process: first, the trial court determines whether a violation has occurred and second, the court determines whether the violation warrants revocation. *Overstreet v. State*, 136 N.E.3d 260, 263 (Ind. Ct. App. 2019), *trans. denied*. Even when the defendant admits a violation, the defendant must be given an opportunity to offer mitigating evidence showing the violation does not warrant revocation. *Ripps v. State*, 968 N.E.2d 323, 326 (Ind. Ct. App. 2012). Upon revoking probation, the trial court may impose one of several sanctions provided by statute. Ind. Code § 35-38-2-3(h). Generally, we will review a trial court's revocation and sanction decisions for an abuse of discretion. *Overstreet*, 136 N.E.3d at 263. An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

[9] Holsapple contends that, because sanction decisions are reviewed for an abuse of discretion, the trial court in this case erred in determining that it had no discretion to impose any sanction other than full revocation of her stayed sentence, citing *Woods v. State*, 892 N.E.2d 637 (Ind. 2008), *Sullivan v. State*, 56

N.E.3d 1157 (Ind. Ct. App. 2016), and *Hampton v. State*, 71 N.E.3d 1165 (Ind. Ct. App. 2017), *trans. denied*. In *Woods*, our supreme court was confronted with a situation similar to the one here, but in an ordinary probation context. The defendant pleaded guilty to several charges and was sentenced to twenty years in the DOC with fifteen years suspended. Upon his release from the DOC, he was placed on probation for 730 days. Thereafter, the State filed a notice of probation violation. The parties reached an agreement prior to the revocation hearing pursuant to which, among other things, the defendant admitted to the violations and his probation was extended for one year. He was also placed "on what the parties referred to as 'strict compliance,' which the deputy prosecutor explained as meaning '[any] other violation of any terms or conditions of his probation will result in full backup of 15 years.'" 892 N.E.2d at 639. When the State later filed a second notice of probation violation, the deputy prosecutor reminded the court that if it found a probation violation, the defendant faced the remainder of his term. The trial court entered an order accordingly.[4] On appeal, the issue was whether the trial court's refusal to allow the defendant an opportunity to explain why he violated the terms of his probation denied him due process. But in addressing this issue, the court also addressed the concept of "strict compliance" probation:

> In one sense all probation requires "strict compliance." That is to say probation is a matter of grace. And once the trial court

---

[4] The State offered, the defendant accepted, and the trial court imposed a sentence of twelve years instead of fifteen.

extends this grace and sets its terms and conditions, the probationer is expected to comply with them strictly. If the probationer fails to do so, then a violation has occurred. But even in the face of a probation violation the trial court may nonetheless exercise its discretion in deciding whether to revoke probation.

In any event the very notion that violation of a probationary term will result in revocation no matter the reason is constitutionally suspect. . . .

We acknowledge that telling a defendant that he is on "strict compliance" is a dramatic way of putting him on notice that he is on a short leash and has been given one final chance to "get his act together." Nonetheless due process requires that a defendant be given the opportunity to explain why even this final chance is deserving of further consideration.

*Id.* at 641 (citations omitted).[5]

[10] This court in *Sullivan* relied on *Woods* in addressing whether a predetermined sanction in a plea agreement is improper as a matter of law. 56 N.E.3d at 1161. The defendant in *Sullivan* entered a plea agreement pursuant to which he pleaded guilty to certain offenses and was sentenced to two years. Eighteen months was to be served on home detention with the remainder served on supervised probation and the defendant agreed to waive the right to have the court determine the sanction if he violated community corrections' rules: "if

---

[5] The court held the trial court erred in denying the defendant the opportunity to explain but further held that the defendant was not entitled to relief because the defendant did not make an offer of proof. *Id.* at 641-42.

found to have violated these rules or otherwise become ineligible . . . then the remaining portion of the defendant's executed sentence shall be served at the Decatur County Jail." *Id.* at 1158. The State filed a petition to revoke the defendant's community corrections placement for failing to begin his placement as ordered, and the court found him in violation despite his explanation that he was hospitalized on the date he was due to report. The court's written order stated, "As required by the terms of the Plea Agreement . . ., the Court now orders that [the defendant's] entire 18 month community corrections sentence be revoked, and [he] shall serve the 18 months as an executed sentence at the Indiana Department of Correction." *Id.* at 1160. Noting that the provision of the plea agreement that essentially provided any non-fee violation would automatically result in the revocation of the defendant's community corrections placement was constitutionally suspect and that the trial court's written order reflected the trial court's belief that it was required to revoke the placement by the plea agreement's terms, and considering the nature of the defendant's violation and the seriousness of the sanction, we determined the trial court abused its discretion in finding that the violation warranted revocation and ordering the defendant to serve his executed term in the DOC. *Id.* at 1162.

[11] Finally, in *Hampton*, following the direction of *Woods* and the application of its reasoning in *Sullivan*, this court held a trial court retained discretion to determine the appropriate sanction for a defendant's probation violations even though an agreement reached during the revocation proceedings purported to be a strict liability agreement. 71 N.E.3d at 1171.

[12]   Relying on these three cases, Holsapple argues "[t]he language of the plea agreement should not be allowed to strip a court of the discretion as to how to respond to violations." Brief of Appellant at 10. The State responds that because Holsapple entered the Madison County problem solving courts as a result of a plea agreement with specific terms, the trial court was required to enforce it according to those terms. It is true that plea agreements "are in the nature of contracts between the defendant and the State[,]" *Berry v. State*, 10 N.E.3d 1243, 1246 (Ind. 2014) (citation omitted), and "[i]f the court accepts a plea agreement, it shall be bound by its terms[,]" Ind. Code § 35-35-3-3(e). This includes any sentencing provisions included in the plea agreement. *See Jackson v. State*, 968 N.E.2d 328, 332 (Ind. Ct. App. 2012) ("Once the trial court accepts the plea agreement, it 'is strictly bound by its sentencing provision and is precluded from imposing any sentence other than required by the plea agreement.'") (citation omitted). In *Woods*, however, the court rejected the analogy between a probation agreement that requires strict compliance and a plea agreement. 892 N.E.2d at 640 n.2 ("A defendant who enters a plea agreement knowingly, intelligently, and voluntarily is hardly similarly situated to a defendant who is advised in essence either agree to strict compliance or go to jail now for violating probation.").

[13]   Although it appears Holsapple entered but a single agreement rather than a plea agreement followed by a separate agreement resolving probation revocation proceedings such that the *Woods* distinction would not apply to her, in essence, the agreement here is two agreements in one: a plea agreement providing for

the disposition of the criminal charges through a sentence suspended to probation *and* a probation revocation agreement providing for strict liability if probation is violated. *See Sullivan*, 56 N.E.3d at 1158-59 (addressing a similar two-in-one agreement). And pursuant to the authority of *Woods*, *Sullivan*, and *Hampton*, an agreement cannot override the trial court's discretion in that way in a probation revocation or similar proceeding.

[14] Holsapple was convicted and sentenced pursuant to the terms of the plea agreement, but execution of her sentences was stayed while she participated in a problem solving court program. When she was alleged to have violated the terms of the program, the trial court held a hearing on the notice of termination request from the problem solving court, and Holsapple admitted to violating the terms of her participation agreement by failing to appear for Mental Health Court, failing to appear for a required drug test, and failing to appear for a Mental Health Court sanctions hearing. As for the sanction, she noted she had successfully participated in the problem solving courts without a single sanction for a year and a half but she began to feel overwhelmed and discouraged when her case manager was switched, and she asked to be returned to Drug Court. The trial court found that based on the admitted violations, Holsapple was no longer eligible to participate in problem solving court and Holsapple does not specifically argue that the trial court abused its discretion in that determination. Therefore, we affirm the trial court's determination that Holsapple violated the terms of her placement. However, contrary to the trial court's belief that it was required to impose the agreed-upon sanction of full execution of the stayed

sentence, a plea agreement cannot bind the trial court's hands as to an appropriate sanction. Rather, as in any probation revocation proceeding, the trial court may impose one or more sanctions, including ordering execution of all or part of the sentence that was suspended at the time of initial sentencing. *See* Ind. Code § 35-38-2-3(h). Accordingly, we reverse the trial court's order that Holsapple serve the entire sixteen-year-sentence because it is based on the predetermined sanction and remand for the trial court to determine in its discretion the appropriate sanction for her violations.

# Conclusion

[15] The trial court did not abuse its discretion in finding Holsapple had violated the terms of her problem solving court placement. However, the trial court was not obligated to impose the sanction stated in a strict liability agreement between the State and Holsapple upon finding a violation. Therefore, we affirm the trial court's order in part, reverse in part, and remand for the trial court to determine the appropriate sanction, including but not necessarily limited to ordering full execution of her stayed sentence.

[16] Affirmed in part, reversed in part, and remanded.

May, J., and Vaidik, J., concur.